ENTERED
CLERK, U S DISTRICT COURT
MAY 14 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

✓ Priority
✓ Send
___ Clsd
✓ Enter
NO JS-5/JS-6
___ JS-2/JS-3

| | |
|---|---|
| Case No. | CV 06-7695 ABC (JWJx) |
| Date | May 11, 2007 |
| Title | Halle Properties, LLC v. Bassett et al., Bassett, et al. v. Barriere, et al. (Third-Party Complaint) |

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).**

Present: The Honorable Audrey B. Collins

| Daphne Alex | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:

None Present                               None Present

**Proceedings:**     Third-Party Defendants' Petition for an Order Compelling Arbitration

Pending before the Court is Third-Party Defendants Michael V. Barriere and KCG Properties, Inc.'s ("Brokers'") Petition for an Order Compelling Arbitration, filed on April 26, 2007. Third-party Plaintiffs Terry Chandler Bassett, Carol Jenna Bassett, Trustees (the "Bassetts"), who own and operate Tire Systems, Inc. ("Tire Systems") filed an opposition to the instant motion on May 3, 2007. The Court finds the matter appropriate for submission without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the scheduled hearing date of May 21, 2007 is VACATED.

The Court has thoroughly reviewed all papers submitted by the parties and hereby DENIES Brokers' Petition to Compel Arbitration. The facts relevant to the Court's decision are not disputed. Tire Systems owned and operated a franchise retail tire store on a parcel of real property located at 1226 South Broadway, Santa Maria, California (the "Property"). Big O Tires, Inc. ("Big O") was the franchisor for the Bassetts and Tire Systems and is a defendant in the original action.

In April 2006, the Bassetts decided to sell the business, along with the real property, so it entered a contract with Brokers to help make this sale. Allegedly, Brokers received franchise documents from Big O indicating that Big O had a right of first refusal if the Bassetts ever decided to sell the Property. Brokers allegedly recommended the Bassetts sign documents (which they did) to consummate the sale of the Property to Halle Properties, LLC, the plaintiff in the original action, although the contract Halle Properties signed did not include any reference to Big O's right of first refusal. Big O eventually sought to purchase the Property, thereby preventing Halle Properties from acquiring the Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. CV 06-7695 ABC (JWJx) | Date May 11, 2007 |
| Title Halle Properties, LLC v. Bassett et al., Bassett, et al. v. Barriere, et al. (Third-Party Complaint) | |

Brokers seek to compel arbitration based on arbitration clauses in two substantially identical listing agreements with the Bassetts (which are substantially identical). Those clauses state:

> Owner and Broker agree that any dispute or claim in Law or Equity arising between them **regarding the obligation to pay compensation under this agreement**, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraphs 19B(2) below.

(Brokers' Exh. A at 3, ¶ 19B, Exh. B at 4, ¶ 19B (emphasis added).)

The Court has little trouble concluding that the narrow and clear language in paragraph 19B does not encompass the current dispute. Under either federal or California law, a court cannot compel arbitration if the claims asserted in the complaint are not within the scope of the arbitration agreement. See Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000); United Public Employees v. City & Cty. of San Francisco, 53 Cal. App. 4th 1021, 1026 (1997) ("The court should order [the parties] to arbitrate unless it is clear that the arbitration clause cannot be interpreted to cover the dispute. However, there is no public policy favoring arbitration of disputes which the parties have not agreed to arbitrate.").

The contractual language compelling arbitration is clearly limited to disputes related *only* to "compensation under this agreement." Compensation, in turn, is delineated in a separate section of the agreement (Brokers' Exh. A at 1, ¶ 4, Exh. B at 2, ¶ 6), and that section contains no term even remotely related to the current controversy. As a result, the Court finds that the parties have not agreed to arbitrate the current dispute and it need not reach any other question presented in the parties' papers.

Similarly, because the Court DENIES Brokers' Petition to Compel Arbitration, so too the Court DENIES Brokers' request to stay the current proceeding pursuant to 9 U.S.C. § 3.

**IT IS SO ORDERED.**

Initials of Preparer  DcA